*E-Filed 1/22/08*

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:   (415) 268-2000
4  Facsimile:    (415) 268-1999
   Email:          matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   WARNER BROS. RECORDS INC.; SONY
7  BMG MUSIC ENTERTAINMENT; UMG
   RECORDINGS, INC.; and VIRGIN
8  RECORDS AMERICA, INC.
9
                     UNITED STATES DISTRICT COURT
10                   NORTHERN DISTRICT OF CALIFORNIA
                              SAN JOSE DIVISION
11

12 | WARNER BROS. RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation, | CASE NO. 5:07-CV-04853-HRL

Honorable Howard R. Lloyd

***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND ORDER**

                    Plaintiffs,

          v.

   JOHN DOE #10,
                    Defendant.

---

EX PARTE APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 5:07-cv-04853-HRL
#34947 v1

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint. As further explained below, Plaintiffs believe they have discovered the identity of the Doe defendant in this case, but do not have sufficient time to file and serve Defendant with their amended complaint naming Defendant individually before the current deadline for service expires. In support of their request, Plaintiffs state as follows:

1. The current deadline for service of process is January 18, 2008. The initial case management conference is set for April 8, 2008, at 1:30 p.m., as continued by the Court's Order of January 4, 2008 upon Plaintiffs' request.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe #10 ("Defendant") on September 20, 2007. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, San Francisco State University.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on October 3, 2007, which was served upon the ISP along with a Rule 45 subpoena. On November 16, 2007, the ISP responded to Plaintiffs' subpoena, identifying Casey Melinda Lentz and providing Plaintiffs with contact information including Ms. Lentz's telephone number and address.

5. After receiving this information from the ISP, Plaintiffs sent a letter to Ms. Lentz notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter. Ms. Lentz did not respond to Plaintiffs' letter, and to date follow-up efforts to contact Ms. Lentz by phone and e-mail have been unsuccessful.

6. Plaintiffs have prepared an amended complaint naming Ms. Lentz individually as the defendant and intend to file the same. However, it appears that Plaintiffs will not be able to serve the amended complaint by the current service deadline. Therefore, Plaintiffs respectfully request an additional 90 days to effectuate service.

7. Plaintiffs submit that their efforts to give written notice to Ms. Lentz of their claim and subsequent efforts to contact her and resolve the case before naming her in the lawsuit constitute good cause for any delay in perfecting service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996). Here, Plaintiffs have acted in good faith to try to settle this matter with Ms. Lentz without potentially damaging her credit by naming her in the suit as well as attempting to avoid the cost of further litigation for both parties. Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP.

8. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

9. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 17, 2008                                HOLME ROBERTS & OWEN LLP


By: _____*/s/ Matthew Franklin Jaksa*___
    MATTHEW FRANKLIN JAKSA
    Attorney for Plaintiffs

2

EX PARTE APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 5:07-cv-04853-HRL
#34947 v1

**ORDER**

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to ~~April 17, 2008~~. **March 3, 2008.**

Dated: 1/22/08

By: _____
Honorable Howard R. Lloyd
United States Magistrate Judge