Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
WARNER BROS. RECORDS INC.; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; and VIRGIN RECORDS AMERICA, INC.

*E-filed 3/10/08*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CASEY MELINDA LENTZ,<br><br>Defendant. | CASE NO. 5:07-CV-04853-HRL<br><br>Honorable Howard R. Lloyd<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND CONTINUE CASE MANAGEMENT CONFERENCE AND <u>AMENDED ORDER</u>** |

EX PARTE APPLICATION AND [PROPOSED] ORDER
Case No. 5:07-cv-04853-HRL
#35960 v1

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant Casey Melinda Lentz ("Defendant") with the Summons and Complaint. Plaintiffs also request that the case management conference be rescheduled from April 8, 2008, at 1:30 p.m. to July 8, 2008, in order to allow adequate time for Plaintiffs to locate and serve Defendant prior to the conference. As further explained below, Plaintiffs have attempted to serve Defendant at two locations, but have so far have been unable to locate or serve her. In support of their request, Plaintiffs state as follows:

1. Plaintiffs filed their initial Complaint for Copyright Infringement against a John Doe defendant on September 20, 2007. In order to determine the Doe defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an order allowing Plaintiffs to serve a Rule 45 subpoena on Defendant's Internet Service Provider – here, San Francisco State University ("SFSU").

2. The Court entered an Order for Leave to take Immediate Discovery on October 3, 2007, which was served upon SFSU along with a Rule 45 subpoena. On November 16, 2007, SFSU responded to Plaintiffs' subpoena, identifying the defendant, Casey Melinda Lentz.

3. Plaintiffs then sent a letter to Ms. Lentz notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter. Despite follow-up attempts to contact Ms. Lentz, Plaintiffs were unable to reach Ms. Lentz and resolve the matter.

4. Accordingly, on February 8, 2008, Plaintiffs filed the First Amended Complaint naming Ms. Lentz personally as the defendant. Plaintiffs promptly forwarded the Summons and Complaint to the process server.

5. To date, Plaintiffs have been unable to serve Defendant. Plaintiffs have made multiple service attempts at Defendant's university address, and have also attempted service at Defendant's permanent address. *See* Affidavit of Reasonable Diligence of Andy Esquer ("Esquer Aff."); Affidavit of Reasonable Diligence of K. Wysong ("Wysong Aff."), filed herewith. However,

1

it appears Defendant can no longer be found at either address. *See* Esquer Aff. at 2; Wysong Aff. Accordingly, Plaintiffs are conducting a further investigation to attempt to locate Defendant and serve her with process.

6. The current deadline for service of process is March 3, 2008. The service deadline was extended once (while this was still a Doe case) by the Court's Order of January 22, 2008, granting in part Plaintiffs' previous request for a service extension. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days to effectuate service so that Plaintiffs may continue to attempt to locate Defendant and effectuate service.

7. The initial case management conference is set for April 8, 2008, at 1:30 p.m., as continued by the Court's Order of January 4, 2008, while this case was still in the Doe stage. So that Plaintiffs can first locate and serve Defendant, Plaintiffs respectfully request that the Court continue the case management conference to July 8, 2008, or such other date as conveniences the Court.

8. Plaintiffs submit that good cause exists for an extension of time to serve defendant. *See* Federal Rule of Civil Procedure, Rule 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve the defendant], the court must extend the time for service for an appropriate period."); *Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996). First, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing a complaint, in this case Plaintiffs first had to obtain Defendant's identity through the subpoena to SFSU. Second, once Plaintiffs discovered Defendant's identity, Plaintiffs sent Defendant written notice of their claims, and attempted in good faith to contact Defendant and resolve the matter without causing further litigation costs for both parties and potentially damaging Defendant's credit by naming her in the suit. Finally, once Defendant was named in the suit, Plaintiffs made diligent attempts to effectuate service. *See* Esquer Aff.; Wysong Aff.

| | |
|---|---|
| 1 | 9. Because the copyright infringements here occurred in 2007, the three-year |
| 2 | limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus |
| 3 | be no prejudice to the Defendant from any delay in serving the Complaint. |
| 4 | 10. Plaintiffs will provide the Defendant with a copy of this request and any Order |
| 5 | concerning this request when service of process occurs. |

Dated: March 3, 2008                                          HOLME ROBERTS & OWEN LLP


By: _____*/s/ Matthew Franklin Jaksa*____
  MATTHEW FRANKLIN JAKSA
  Attorney for Plaintiffs

3
EX PARTE APPLICATION AND [PROPOSED] ORDER
Case No. 5:07-cv-04853-HRL
#35960 v1

| | |
|---|---|
| 1 | **ORDER** |
| 2 | Good cause having been shown: |
| 3 | **IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and |
| 4 | 6(b)(1), Plaintiffs' time to serve Defendant with process be extended to **May 5, 2008.** |
| 5 | **IT IS FURTHER ORDERED** that the case management conference currently set for April |
| 6 | 8, 2008, be continued to **Jun. 10, 2008 at 1:30p.m.** The parties shall file a Joint Case Management |
| 7 | Statement by **June 3, 2008.** |

Dated: 3/10/08      By: _____
            Honorable Howard R. Lloyd
            United States Magistrate Judge