Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:         matt.jaksa@hro.com

Attorneys for Plaintiffs,
WARNER BROS. RECORDS INC.; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; and VIRGIN RECORDS AMERICA, INC.

*E-filed 5/6/08*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CASEY MELINDA LENTZ,<br><br>Defendant. | CASE NO. 5:07-CV-04853-HRL<br><br>Honorable Howard R. Lloyd<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND CONTINUE CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER** |

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 30 days to serve Defendant Casey Melinda Lentz ("Defendant") with the Summons and Complaint.  Plaintiffs also request that the case management conference be rescheduled from June 10, 2008, at 1:30 p.m. to July 15, 2008, in order to allow adequate time for Plaintiffs to serve Defendant and for Defendant to respond prior to the conference.  As further explained below, since filing their First Amended Complaint on February 8, 2008, Plaintiffs have unsuccessfully attempted personal service on Defendant at three different addresses in two states.  However, Plaintiffs recently received the results of an investigation indicating that one of the addresses at which Plaintiffs previously attempted service is in fact a viable address for service of process, and are again attempting service there.  Plaintiffs anticipate that a 30 day extension of time will be sufficient to effectuate service.  In support of their request, Plaintiffs state as follows:

1. Plaintiffs filed their initial Complaint for Copyright Infringement against a John Doe defendant on September 20, 2007.  In order to determine the Doe defendant's true identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery requesting that the Court enter an order allowing Plaintiffs to serve a Rule 45 subpoena on Defendant's Internet Service Provider – here, San Francisco State University ("SFSU").  Declaration of Matthew Franklin Jaksa ("Jaksa Decl."), ¶ 2.

2. The Court entered an Order for Leave to take Immediate Discovery on October 3, 2007, which was served upon SFSU along with a Rule 45 subpoena.  On November 16, 2007, SFSU responded to Plaintiffs' subpoena, identifying the defendant, Casey Melinda Lentz.  Jaksa Decl., ¶ 3.

3. Plaintiffs' council then sent a letter to Ms. Lentz notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter.  Jaksa Decl., ¶ 4.  Despite multiple follow-up attempts to contact Ms. Lentz by telephone and e-mail, Plaintiffs were unable to reach Ms. Lentz and resolve the matter.  Jaksa Decl., ¶ 5.

4. Accordingly, on February 8, 2008, Plaintiffs filed the First Amended Complaint naming Ms. Lentz, individually, as the defendant.  At that time (which is less than 90

1

days ago), Plaintiffs then engaged a process server to serve the Defendant with process. Jaksa Decl., ¶ 6. Plaintiffs have thus had less than 120 days within which to serve the First Amended Complaint upon Defendant.

5.  The current deadline to effectuate service is May 5, 2008. Jaksa Decl., ¶ 7. To date, Plaintiffs' attempts to serve Defendant have been unsuccessful, despite multiple attempts covering three different addresses in two states.

6.  From February 15 through February 28, 2008, Plaintiffs made multiple service attempts at 750 Font Boulevard, San Francisco, CA 94132, a student housing complex that Plaintiffs believe to have been Defendant's university address. The office personnel would not provide Plaintiffs' process server access to Defendant's building, nor would they ultimately accept the summons and complaint on behalf of Defendant. After several attempts to serve Defendant, the office personnel claimed that Defendant did not reside there. *See* Declaration of Matthew Franklin Jaksa ("Jaksa Decl."), ¶ 8, Exh. A.

7.  On February 25, 2008, Plaintiffs also attempted to serve Defendant at 4521 Morro Bay St., Oceanside CA, 92057, which was the address supplied by SFSU in response to Plaintiffs' subpoena and which Plaintiffs believe to be Defendant's permanent address. Plaintiffs' process server was informed by Defendant's parents that Defendant does not reside at that address, does not receive mail there, and would not provide a current address for Defendant. *See* Jaksa Decl., ¶ 9, Exh. B.

8.  Plaintiffs then conducted database research that revealed a possible address for service in Denver, Colorado. Plaintiffs attempted service at this address on April 30, 2008. However, Plaintiffs' process server was told that Defendant was not known at this address. *See* Jaksa Decl., ¶ 10, Exh. C.

9.  After their February 2008 service attempts proved unsuccessful, Plaintiffs contracted for a third-party investigation to determine where Defendant could be found and served with process. Plaintiffs did not receive the investigation report until April 23, 2008. The report indicates – contrary to what Plaintiffs' process server had been told during her February 25 service attempt – that Defendant indeed receives mail at 4521 Morro Bay St., Oceanside CA, 92057. The

2

investigation also indicates that the property is owned by the Lentz Family Trust and that Defendant reported this address in a 2006 credit related application. *See* Jaksa Decl., ¶ 11, Exh. D. This was also the address supplied by SFSU in response to Plaintiffs' subpoena, Jaksa Decl. ¶ 9, and is presumably the address that Defendant herself supplied to SFSU.

10. Accordingly, Plaintiffs are again attempting service of process at this address. Jaksa Decl. ¶ 12.

11. The Court has previously granted the following extensions of time in this case: While this case was still in the Doe stage, the Court, by its January 3, 2008 Order, granted a continuance of the case management conference from January 8 to April 8, 2008. Also while this case was in the Doe stage, the Court, by its January 22, 2008 Order granted a 45-day extension of time to serve Defendant. After the First Amended Complaint was filed, the Court, by its Order of March 10, 2008 granted a further continuance of the case management conference to June 10, 2008 and a further 63-day extension of time to serve Defendant. Jaksa Decl. ¶ 13.

12. Plaintiffs submit that good cause exists under Rule 4(m) for an additional extension of time to serve Defendant. *See Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 275 (M.D. Fla. 1995) (finding good cause to expand the time limit for service where plaintiff made a "reasonable effort to serve defendant"). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996). First, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing a complaint, in this case Plaintiffs first had to obtain Defendant's identity through the subpoena to SFSU. Second, after receiving the subpoena response from SFSU, Plaintiffs sent Defendant written notice of their claims, and attempted in good faith to contact Defendant and resolve the matter without naming her in the lawsuit or causing further litigation costs for both parties. Finally, after filing the First Amended Complaint naming Defendant individually, Plaintiffs have made diligent attempts to effectuate service, making multiple service attempts spanning three different addresses in two states and contracting for an investigation to determine a proper location to effectuate service.

3

EX PARTE APPLICATION AND [PROPOSED] ORDER
Case No. 5:07-cv-04853-HRL
#37140 v1

13.    Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

Dated: May 2, 2008                                    HOLME ROBERTS & OWEN LLP


By: _____*/s/ Matthew Franklin Jaksa*___
     MATTHEW FRANKLIN JAKSA
     Attorney for Plaintiffs


## **ORDER**

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve Defendant with process be extended to June 4, 2008.

**IT IS FURTHER ORDERED** that the case management conference currently set for June 10, 2008, at 1:30 p.m. be continued to July 15, 2008. The parties shall file a Joint Case Management Statement by July 8, 2008.

Dated: 5/6/08                                              By: _____
                                                                      Honorable Howard R. Lloyd
                                                                      United States Magistrate Judge

4

EX PARTE APPLICATION AND [PROPOSED] ORDER
Case No. 5:07-cv-04853-HRL
#37140 v1