1 | Dawniell Alise Zavala (CA State Bar No. 253130)
2 | HOLME ROBERTS & OWEN LLP
  | 560 Mission Street, 25th Floor
3 | San Francisco, CA  94105-2994
  | Telephone:   (415) 268-2000
4 | Facsimile:    (415) 268-1999
  | Email:         dawniell.zavala@hro.com
5 |
6 | Attorneys for Plaintiffs,
  | WARNER BROS. RECORDS INC.; SONY BMG
7 | MUSIC ENTERTAINMENT; UMG
  | RECORDINGS, INC.; and VIRGIN RECORDS
8 | AMERICA, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CASEY MELINDA LENTZ,<br><br>Defendant. | CASE NO. 5:07-CV-04853-HRL<br><br>Honorable Howard R. Lloyd<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date of Initial CMC:    August 26, 2008<br>Time:                              1:30 p.m.<br>Courtroom:                    2, 5th Floor<br>Action Filed:                   September 20, 2007 |

CASE MANAGEMENT STATEMENT
Case No. 5:07-cv-04853-HRL
#39419 v1

Pursuant to Local Rule 16-9(a), Plaintiffs WARNER BROS. RECORDS INC, *et al*. ("Plaintiffs") submit this separate Case Management Statement. Plaintiffs submit a separate statement instead of a joint statement because, although Defendant was served with process and filed a response with the Court on July 8, 2008, Defendant had not responded to Plaintiffs efforts to meet and confer in anticipation of the upcoming case management conference until Plaintiffs finally reached Defendant to discuss settlement on August 12, 2008. Because the parties are attempting to settle this matter, Defendant is not represented by counsel, and Defendant now lives in the state of Colorado, Plaintiffs find it necessary to file a separate Case Management Statement at this time. Declaration of Dawniell Alise Zavala, ¶ 7.

**1.   Jurisdiction and Service**

The Court has jurisdiction under 17 U.S.C. § 101 *et seq*.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright). Venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400. Defendant was served with process on May 3, 2008. No parties remain to be served.

**2.   Facts**

This is a copyright action wherein Plaintiffs seek redress for infringement of copyrighted sound recordings pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq* ("Copyright Act"). Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings, including the rights at issue in this case: (1) Plaintiffs' exclusive right to reproduce their copyrighted sound recordings, and (2) Plaintiffs' exclusive right to distribute the copyrighted sound recordings.

    **A.   Plaintiffs' Contentions**

On February 25, 2007, Plaintiffs obtained evidence of infringement by the holder of the Internet Protocol ("IP") address 130.212.157.125 2007-02-25 15:14:59 EST, who was using the Ares online media distribution system over a peer-to-peer file-sharing network to distribute 394 audio files, many of which were Plaintiffs' copyrighted sound recordings. Plaintiffs then filed their Complaint for Copyright Infringement against Defendant John Doe on September 20, 2007. Although Plaintiffs did not know the Defendant's true identity, they were able to identify Defendant

1

by the aforementioned IP address, which had been assigned by a third-party Internet Service Provider ("ISP") (here, San Francisco State University) on the date and at the time of the alleged infringement. In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, seeking the Court's permission to serve a Rule 45 subpoena on the ISP to obtain identifying information including Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address (a number that identifies the piece of computer hardware used to connect to the ISP's network).

The Court entered an Order for Leave to Take Immediate Discovery on October 3, 2007, granting Plaintiffs' request to serve a Rule 45 subpoena on the ISP. Plaintiffs served their subpoena on San Francisco State University on October 17, 2007. The ISP responded to the subpoena on November 19, 2007, identifying Defendant Casey Melinda Lentz as the holder of the particular IP address at issue on the particular date at issue. After informal attempts to resolve the dispute failed, Plaintiffs filed their First Amended Complaint against Ms. Lentz for copyright infringement on February 8, 2008.

Ms. Lentz was served with process on May 3, 2008, and her response was due on or around May 23, 2008. When Defendant had not responded to the Complaint, Plaintiffs filed a Request to Enter Default on July 7, 2008. Defendant then filed an informal response to the Complaint on July 8, 2008, and Plaintiffs' Request for Entry of Default was denied.

Plaintiffs sent Defendant letters on July 8, 2008 and August 4, 2008 via mail and email urging her to contact Plaintiffs to meet and confer regarding the upcoming case management conference. Although Defendant did not respond to these letters, Plaintiffs were eventually able to reach Defendant via telephone on August 12, 2008, and the parties discussed settlement of this case.

Plaintiffs sent correspondence to Defendant on August 13, 2008 to gather information regarding Defendant's personal finances to determine whether or not Defendant is eligible for a reduced settlement. If the parties are unable to resolve this dispute though settlement, Plaintiffs are prepared to bring this case to trial, if necessary.

**3.     Legal Issues**

Plaintiffs believe – and Defendant has admitted – that Defendant used an Internet account to access an online media distribution system to download Plaintiffs' copyrighted sound recordings and to distribute the copyrighted sound recordings to other users in violation of Plaintiffs' exclusive rights of reproduction and distribution as enumerated in Section 106 of the Copyright Act, 17 U.S.C. § 106.  As such, Defendant is liable for infringement of Plaintiffs' copyrights pursuant to 17 U.S.C. § 501(a)-(b), and Plaintiffs are thus entitled to statutory damages pursuant to 17 U.S.C. § 504(c), injunctive relief pursuant to 17 U.S.C. §§ 502 and 503, and attorney's fees and costs pursuant to 17 U.S.C. § 505.

**4.     Motions**

Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, which the Court granted by its Order of October 3, 2007.  Plaintiffs anticipate no further motion practice at this point in time, but reserve the right to file additional motions if warranted as the case develops, including motions for summary judgment and/or summary adjudication.

**5.     Amendment of Pleadings**

Plaintiffs do not anticipate adding any claims, but reserve their right to do so should discovery reveal additional claims that may be brought.  Plaintiffs propose that a deadline for amendment of the pleadings be determined at such time as the parties are able to meet and confer after Defendant files an answer or other response to the Complaint.

**6.     Evidence Preservation**

Plaintiffs are taking all necessary steps to preserve evidence related to the issues in this action, including preservation of e-mails, documents, digital audio files, and electronically stored information.  If litigation progresses in this matter, Plaintiffs will communicate to Defendant the need to preserve evidence, including particularly electronically-stored information on Defendant's computers.

**7.     Disclosures**

No changes need be made to the form or requirement for disclosures under Rule 26(a).  Since

1  the parties are negotiating a settlement, no initial disclosures have been made by either party.

2  **8.    Discovery**

Plaintiffs' position is that discovery should be conducted according to the Federal Rules of Civil Procedure and the local rules for the United States District Court for the Northern District of California unless otherwise modified by stipulation or ordered by the Court.  It is Plaintiffs' position that all fact and expert discovery should be conducted and take place pursuant to the Federal Rules of Civil Procedure and should not be limited or conducted in phases, except as provided by the Federal Rules of Civil Procedure.  Discovery will be needed on the allegations set forth in the Complaint and on any allegations and affirmative defenses set forth in Defendant's Answer, should she file one.

   **A.    Previous Discovery**

Pursuant to the Court's October 3, 2007 Order for Leave to Take Expedited Discovery, Plaintiffs served a Rule 45 subpoena on third-party San Francisco State University in order to obtain information including Defendant's name, address, telephone number, e-mail address, and MAC address.  The University responded to the subpoena response on November 19, 2007, providing this information.

   **B.    Written Discovery**

Once Defendant appears in this action and the parties are able to conduct a Rule 26(f) conference, Plaintiffs intend to propound their first sets of Interrogatories, Requests for Production of Documents, and Requests for Admission.

   **C.    Imaging and Inspection of Defendant's Computer(s).**

Upon receipt of Defendant's responses, Plaintiffs intend to request for production and imaging each computer identified by Defendant in his responses to Plaintiffs' discovery requests. Plaintiffs propose that an expert in computer forensics selected by the parties shall make one (1) verified bit-image (i.e., mirror image copies) of each computer hard drive and shall create an MD5 or equivalent hash code to ensure that Defendant's original hard drive is not altered and to ensure that the copy of each of the hard drives is an exact duplicate of Defendant's original hard drive.  All

4

CASE MANAGEMENT STATEMENT
Case No. 5:07-cv-04853-HRL
#39419 v1

1  costs associated with making an image of Defendant's hard drive will be borne by Plaintiffs. An
2  image of the hard drive can be made for Defendant at Defendant's expense.

3      **D.**    **Oral Depositions**

4  Plaintiffs intend to take Defendant's oral deposition (and, if applicable, other individuals who
5  may have information relevant to the parties' claims and defenses) upon receipt of Defendant's
6  responses to Plaintiffs' written discovery, and upon completion of the imaging and inspection of
7  Defendant's hard drive(s).

8  **9.**    **Class Actions**
9  Not applicable.

10 **10.**    **Related Cases**
11 There are no related cases or proceedings pending before another judge of this Court, or
12 before another court or administrative body.

13 **11.**    **Relief**
14 Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c) ranging from $750.00 to
15 $30,000.00 for each instance of infringement, statutory damages pursuant to 17 U.S.C. § 504(c)
16 ranging from $750.00 to $150,000.00 for each instance of willful infringement, injunctive relief
17 prohibiting Defendant from further infringing Plaintiffs' copyrights pursuant to 17 U.S.C. § 502 and
18 ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' rights
19 pursuant to 17 U.S.C. § 503, and attorney's fees and costs pursuant to 17 U.S.C. § 505.

20 **12.**    **Settlement and ADR**
21 The parties have discussed settlement, and Plaintiffs hope to settle this matter in the next
22 month. Although Defendant answered the complaint on July 8, 2008, she did not respond to
23 Plaintiffs' efforts to meet and confer until Plaintiffs finally contacted her by telephone on August 12,
24 2008. For this reason, the parties have not yet filed a Stipulation and Proposed Order Selecting an
25 ADR process, but will do so at such time as the parties are able to meet and confer in the even that
26 the case does not settle.

27 **13.**    **Consent to Magistrate Judge for All Purposes**
28 At this time, Plaintiffs do not consent to a magistrate judge for all further proceedings

5

CASE MANAGEMENT STATEMENT
Case No. 5:07-cv-04853-HRL
#39419 v1

including trial and entry of judgment.

**14.     Other References**

It is Plaintiffs' position that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

Plaintiffs believe the following issues can be narrowed by agreement or motion: Issues regarding ownership of Plaintiffs' sound recordings and validity of copyright registration; issues regarding Defendant's participation in the acts of infringement.

Plaintiffs make the following suggestions to expedite the presentation of evidence at trial: Plaintiffs are hopeful that issues regarding ownership of Plaintiffs' sound recordings and validity of copyright registration can be presented by stipulated facts.

Plaintiffs do not request the bifurcation of any issues, claims, or defenses.

**16.     Expedited Schedule**

Plaintiffs do not believe this case should be handled on an expedited basis or using streamlined procedures.

**17.     Scheduling**

Plaintiffs propose the following schedule of deadlines:

1. Plaintiffs propose that a further case management conference be set for October 28, 2008 to allow time for the parties to settle this matter prior to the conference.
2. Plaintiffs propose that further proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial be determined at such time as the parties are able to meet and confer after Defendant files an answer or other response to the Complaint.

**18.     Trial**

Plaintiffs estimate that a trial in this matter would take three days.

**19.     Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 on September 20, 2007. The contents of the certification identified the following listed

6

1 | persons, associations of persons, firms, partnerships, corporations (including parent corporations) or
2 | other entities known to (i) have a financial interest in the subject matter in controversy or in a party
3 | to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could
4 | be substantially affected by the outcome of this proceeding:

5 |     The following companies are parents of, or partners in Plaintiff WARNER BROS.
6 | RECORDS INC.:  WMG Acquisition Corp.; WMG Holdings Corp.; and Warner Music Group
7 | Corp., of which only Warner Music Group Corp. is publicly traded. Warner Music Group Corp. is
8 | publicly traded in the U.S.

9 |     The following companies are parents of, or partners in Plaintiff SONY BMG MUSIC
10 | ENTERTAINMENT:  USCO Holdings Inc.; BeSo Holding LLC; Sony Music Entertainment Inc.;
11 | Bertelsmann Music Group; Bertelsmann, Inc.; Arista Holding, Inc.; Zomba US Holdings, Inc.;
12 | Bertelsmann AG; and Sony Corporation, of which only Sony Corporation is publicly traded.  Sony
13 | Corporation is publicly traded in the U.S.

14 |     The following companies are parents of, or partners in Plaintiff UMG RECORDINGS, INC.:
15 | Polygram Holding, Inc.; Universal Music Group, Inc.; Vivendi Holding I Corp.; Vivendi Holdings
16 | Company; Vivendi Holding S.A.S.; SPC S.A.S.; and Vivendi S.A., of which only Vivendi S.A. is
17 | publicly traded.  Vivendi S.A. is publicly traded in France.

18 |     The following companies are parents of, or partners in Plaintiff VIRGIN RECORDS
19 | AMERICA, INC.:  EMI Recorded Music Holdings, Inc.; Capitol Records, Inc.; Capitol-EMI Music
20 | Inc.; EMI Group North America Holdings, Inc.; EMI Group International BV; EMI Group Holdings
21 | BV; EMI Group International Holdings Ltd.; EMI Group Worldwide Ltd.; Virgin Music Group Ltd.;
22 | and EMI Group plc., of which only EMI Group plc. is a publicly traded company.

24 | Dated: August 18, 2008                    HOLME ROBERTS & OWEN LLP

27 |                     By:  /s/ *Dawniell Zavala*
28 |                         DAWNIELL ZAVALA
                        Attorney for Plaintiffs

7